# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HEATHER HINKFORTH and**
**H.H., a minor, by and through his guardian,**
**HEATHER HINKFORTH,**

 **Plaintiffs,**

 v.               Case No. 18-CV-333

**HARTLAND LAKESIDE SCHOOL DISTRICT and**
**WISCONSIN DEPARTMENT OF PUBLIC INSTRUCTION,**

 **Defendants.**

## REPORT AND RECOMMENDATION ON SCREENING OF COMPLAINT

On March 5, 2018, Heather Hinkforth filed a *pro se* complaint against the Hartland Lakeside School District and the Wisconsin Department of Public Instruction. (Docket # 1.) Hinkforth sues the defendants on behalf of herself and her minor son, H.H., under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Hinkforth further sues the defendants under 42 U.S.C. § 1983 for injuries allegedly sustained by H.H. due to the defendants' use of excessive force, under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, for discrimination against the disabled by recipients of federal funding, and under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, for discrimination due to disability.

On April 13, 2018, I granted Hinkforth's motion to proceed without prepaying the filing fee. I noted, however, that Hinkforth stated in her complaint that she was bringing this action on behalf of H.H. and signed the complaint herself. A parent is not permitted to represent her minor child *pro se*. *See Foster v. Bd. of Educ. of City of Chicago*, 611 F. App'x 874, 877 (7th Cir. 2015) ("And we have repeatedly held that the rule prohibiting a nonlawyer from representing another person extends to

a parent attempting to represent her minor child *pro se*."). I also found that Hinkforth has her own potential cause of action under the IDEA. *See Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 532 (7th Cir. 2006) (finding the IDEA confers different rights on children and parents). Thus, I allowed Hinkforth leave to either file an amended complaint voluntarily dismissing the claims filed on H.H.'s behalf (pursuing only her own individual claims), or file an amended complaint signed by an attorney. Hinkforth was given 30 days from the date of the order to file an amended complaint. (Docket # 6.) Hinkforth was warned that should she fail to file an amended complaint within 30 days, the action would be dismissed with prejudice.

To date, Hinkforth has not filed an amended complaint in accordance with the April 13, 2018 order. Thus, I recommend that Hinkforth's complaint be dismissed.[1]

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Hinkforth's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

Dated at Milwaukee, Wisconsin this 24th day of May, 2018.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge